# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**MICHAEL HENRY HEARN, #34476**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO.3:08-cv-613-HTW-LRA**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al.**  **DEFENDANTS**

## OPINION AND ORDER

Upon consideration of the records in this action, the court finds that an order [12] was entered on November 12, 2008, denying the prisoner plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g)[1] and requiring plaintiff to pay the full filing fee of $350.00, within twenty days. Plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit. Plaintiff failed to comply with this order.

On December 29, 2008, an order [14] was entered directing the plaintiff to show cause, on or before January 12, 2009, why this case should not be dismissed for his failure to comply with the court's order denying him in forma pauperis status and directing him to pay the filing fee. In addition, the plaintiff was directed to comply with the order by paying the filing fee, on or before January 12, 2009. Plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit.

Instead of complying with the court's order, plaintiff filed a response [15]. This document

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

does not address plaintiff's failure to pay the fee and most importantly, payment of the filing fee did not accompany this response.

The plaintiff has failed to comply with two court orders. This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. Id. at 629-30.

The plaintiff has not complied with two court orders. The court concludes that dismissal of this action for plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal will be without prejudice. See Munday/Elkins Auto. Partners, LTD. v. Smith, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A final judgment in accordance with this opinion and order will be entered.

This the 30th day of January, 2009.

                                                  s/ HENRY T. WINGATE
                                                  CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:08-cv-613 HTW-LRA
Opinion and Order